UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Shawn H., <br><br> Plaintiff, <br><br> v. <br><br> Commissioner of Social Security, <br><br> Defendant. | Civil Action No. 2:19–cv–113 |

**OPINION AND ORDER**
(Doc. 28)

Plaintiff Shawn H. has successfully contested the final decision of the Commissioner of Social Security denying his application for disability benefits under the Social Security Act. (*See* Docs. 20, 21, 28-3.) Plaintiff's counsel, Edward A. Wicklund, now files a Motion for Attorney's Fees in the amount of $22,705.63, pursuant to 42 U.S.C. § 406(b). (Doc. 28.) The Commissioner, in its limited role as trustee in this matter, contends that counsel's Motion was not timely filed and asks the Court to determine that issue, along with the issue of whether the amount of fees sought is reasonable. (Doc. 30.) For the reasons discussed below, the Court grants Plaintiff's Motion.

**Background**

Plaintiff filed this action on July 1, 2019, seeking reversal of the Commissioner's final decision denying his application for Social Security Disability Insurance Benefits. (Doc. 1.) Both the Commissioner and Plaintiff filed substantive memoranda in support of their respective positions regarding the Commissioner's decision. (*See* Docs. 10, 18.) In a July 14, 2020 Opinion and Order, the Court reversed and remanded the Commissioner's decision for further

proceedings. (Doc. 20.) On October 21, 2020, the Court granted the parties' Stipulated Motion for Attorney's Fees totaling $7,200 under the Equal Access to Justice Act. (Doc. 26.)

On remand, the Commissioner determined that Plaintiff was disabled and entitled to benefits. In the Notice of Award that followed on May 4, 2021, the Social Security Administration found that Plaintiff became disabled on February 1, 2016 and was entitled to monthly disability benefits beginning in July 2016. (Doc. 28-3 at 3.) The Social Security Administration determined that Plaintiff was entitled to past-due benefits totaling $90,822.50 for the period of July 2016 through February 2021. (*Id.* at 4.)

On or about May 4, 2021, the Social Security Administration mailed one copy of the Notice of Award to Attorney Wicklund and one copy to Attorney Arthur Anderson, Plaintiff's local counsel. (Doc. 31-1 at 16–17.) Both copies of the Notice of Award were mailed to Anderson's address in Burlington, Vermont, despite Wicklund's law practice being located in Syracuse, New York. (*Id.*) Thereafter, according to Wicklund, Anderson "forwarded the Notice of Award to Mr. Wicklund by mail."[1] (Doc. 31 at 2.) Attorney Wicklund's office unfortunately did not date-stamp the Notice of Award upon its receipt; thus Wicklund "is not certain when it was received." (*Id.*) Nonetheless, Wicklund states that his law firm has an "office policy" to save all incoming mail in the firm's digital mail system "on the day it is received," and the Notice of Award was saved in that system on May 13, 2021. (*Id.*) Therefore, according to Wicklund, he can be presumed to have received the Notice of Award on May 13. He had

---

[1] Although an affidavit of counsel is preferable to establish the facts relevant to attorney's fee motions, in this case, the Court accepts Attorney Wicklund's representations in his Reply (Doc. 31) regarding the circumstances of the delayed filing for attorney's fees. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . the factual contentions have evidentiary support . . . ."); *see also* Vt. R. Prof. Cond. 3.3(a)(1), (3) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal . . . [or] offer evidence that the lawyer knows to be false."); *Aquart v. Jacobowski*, No. 3:08-CV-1562 (VLB), 2012 WL 4444367, at *3 (D. Conn. Sept. 25, 2012) (treating counsel's assertion "as tantamount to an affidavit" under state's professional conduct Rule 3.3(a)(1) and (3)).

14 days from that date, i.e., until May 27, to file an attorney's fees motion. (*Id.*) In compliance with that deadline, Wicklund represents that he attempted to file Plaintiff's Motion for Attorney's Fees on Thursday, May 27. (*Id.*) However, he apparently learned several days later that the filing was unsuccessful. (*Id.* at 2–3.) "As soon as the [filing] error was discovered," the Motion was refiled. (*Id.* at 3.) The Court's electronic docketing system—CM/ECF—indicates that the Motion was filed on June 2. (*See* Doc. 28.)

In the Motion for Attorney's Fees, Wicklund seeks $22,705.63, comprising 25% of the past-due benefits granted in the Social Security Administration's Notice of Award—the maximum fee allowed under Section 406(b). (Doc. 28-7 at 2, ¶¶ 5–6.) In a Fee Agreement executed prior to Plaintiff's appeal to this Court, Plaintiff and Attorney Wicklund agreed that counsel could request attorney's fees of up to 25% of any benefits awarded. (Doc. 28-2 at 2 ("I understand that my federal court attorney also has the right to ask the court to award 25% of my past-due benefits ('406(b) fees') for representing me in federal court.").) The Agreement also provided that, if attorney's fees under § 406(b) were granted, Wicklund would return to Plaintiff any EAJA fee received. (*Id.*)

The Commissioner states that Wicklund's Motion was not timely filed, as it was filed 29 days after the May 4, 2021 Notice of Award. (Doc. 30 at 2.) With respect to the reasonableness of the amount of fees requested, the Commissioner notes that courts in this Circuit have both approved and disapproved hourly rates comparable to the rate sought by Attorney Wicklund in this case, and that "there is no evidence of fraud or overreaching here." (*Id.* at 5.) In response to the Commissioner's claim regarding the timeliness of the Motion, Attorney Wicklund contends that the 14-day filing deadline began to run when he received the Notice of Award—extending the filing deadline to May 27—rather than when the Notice of

3

Award was issued or when local counsel received it. (Doc. 31 at 2.) In counsel's view, therefore, his Motion "may have been filed only three days late," after accounting for the weekend and the Monday holiday immediately following the attempted filing on May 27. (*Id.* at 3.)

## Discussion

**I.      Timeliness**

Federal Rule of Civil Procedure 54(d)(2)(B) "provides the applicable limitations period for filing § 406(b) motions." *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019). The rule states that "[u]nless a statute or court order provides otherwise," a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). As the Second Circuit has explained, "a practical problem arises with filing a motion within that time: the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands, and § 406(b) caps attorney's fees at 25% of the benefits award." *Sinkler*, 932 F.3d at 87. The 14-day filing period under Rule 54 is subject to equitable tolling "when § 406(b) motions must await the . . . Commissioner's calculation of benefits following a district court's sentence four remand judgment." *Id.* at 91. The time for filing a motion for attorney's fees then begins to run "[o]nce counsel receives notice of the benefits award." *Id.* at 88; *see also Almodovar v. Saul*, No. 16-CV-7419 (GBD)(SN), 2019 WL 7602176, at *2 (S.D.N.Y. Oct. 4, 2019) (observing that counsel's receipt of letter three months after plaintiff received it does not warrant "such a rigid interpretation of the equitable tolling doctrine" to not apply tolling to Rule 54(d) period), *report and recommendation adopted*, 2019 WL 6207784 (Nov. 21, 2019).

The 14-day limitations period specified in Rule 54 "is not absolute." *Sinkler*, 932 F.3d at 89.  District courts "are empowered to enlarge that filing period where circumstances warrant." *Id.* (citing *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010)).  A court considering the facts of a particular case may determine that the circumstances warrant extending the 14-day filing deadline.  *Id.* at 89–90 (citing Fed. R. Civ. P. 54(d)(2)(B))*; see also id.* at 90 ("[Sinkler's notice argument] fails on the merits because she provides no factual basis to support a claim that it was 'reasonable' to delay the filing of her § 406(b) application for more than six months after she received notice of the benefits calculation on remand.").  The length of time between the notice of the benefits award and motion for attorney's fees must be reasonable.  *See, e.g.*, *Lesterhuis v. Comm'r of Soc. Sec.*, 408 F. Supp. 3d 292, 295 (W.D.N.Y. 2019) (finding that counsel filing the fee request "just nine days after the 14-day deadline" was reasonable when paired with "justification for the short delay"); *Bukilici v. Saul*, Civ. No. 3:15CV01777(SALM), 2020 WL 2219184, at *4 (D. Conn. May 7, 2020) (same within 16 days of deadline).

In this case, the Commissioner suggests that the 14-day period began to run on May 4, 2021, which is the date the Commissioner issued the Notice of Award.  (Doc. 30 at 2.)  According to *Sinkler*, however, the filing period does not begin to run until "counsel receives notice of the benefits award."  932 F.3d at 88.  Consequently, the earliest date that could trigger the running of the filing period is May 7, the date local counsel in Vermont received the Notice of Award.  (Doc. 31 at 16.)  According to Attorney Wicklund, however, he did not receive the Notice at his New York office until May 13.  (*Id.* at 2.)  The Court finds that the 14-day filing period began to run on May 13, the date Attorney Wicklund attests he received the Notice.  *See Boylan v. Saul*, No. 15-CV-6730-LTS-JCF, 2020 WL 5235755, at *2 (S.D.N.Y. Sept. 2, 2020)

(implementing equitable tolling when Plaintiff's representative on remand received Notice of Award without notifying counsel, who was not the attorney of record, until a year later).

Having received notice of the award on May 13, Attorney Wicklund was required to file his § 406(b) motion 14 days later, i.e., by May 27. As explained above, however, counsel represents to the Court that his attempt to file the Motion on May 27 failed, a fact that did not become known to him until several days later:

> Counsel attempted to file Plaintiff's Motion for Attorney's Fees on Thursday, May 27, 2021. It is unclear at this time whether there was an ECF error, computer/internet error, or human error when filing, but it was believed to have been filed on that date. During an audit following the holiday weekend, it was discovered that no ECF for the filing had been received, and a review of the docket report showed that the Motion was not filed on May 27 as believed. As soon as the error was discovered, the Motion was filed . . . . It appears Plaintiff's Motion may have been filed only three days late, not counting the weekend and holiday.

(Doc. 31 at 2–3.)

The Court finds that the circumstances in this case warrant extending the filing deadline. Even assuming that the filing period was triggered by local counsel's receipt of the Notice of Award on May 7, a 12-day delay in filing—which is the amount of time that elapsed between a May 21 filing deadline (counting 14 days from May 7) and the actual filing date of June 2— would still be reasonable given: (1) counsel's explanation that the Social Security Administration sent the initial Notice of Award to local counsel in Vermont without sending a copy directly to Wicklund in New York; and (2) counsel's good faith attempt to file the Motion within 14 days of his receipt of the Notice and, after discovering several days later that the filing was unsuccessful, immediately filing the Motion again. (Doc. 31 at 2–3.) Coupled with a similarly reasonable explanation, other courts in this Circuit have granted fee requests despite comparable delays in filing. *See Lesterhuis*, 408 F. Supp. 3d at 295 (nine days); *Bukilici*, 2020 WL 2219184, at *4 (16 days). Therefore, the Court finds Wicklund's fee request timely.

**II.     Reasonableness**

Under § 406(b), a contingent-fee agreement cannot exceed 25% of past-due benefits. 42 U.S.C. § 406(b)(1)(A).  Even if a contingent-fee agreement limits fees to the statutory cap, , a court must still review the agreement "as an independent check, to assure . . . reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 525 U.S. 789, 807 (2002).  Because "Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,'" the party seeking the fee award "bears the burden of persuasion that the statutory requirement has been satisfied."  *Id.* at 807 n.17.  In other words, the Court must review the asserted reasonableness of the request regardless of whether the Commissioner opposes it.  *Ewald v. Comm'r of Soc. Sec.*, 2008 WL 4104458, at *1 n.1 (E.D.N.Y. Sept. 3, 2008).

When evaluating whether the fee was reasonable, courts consider several factors, including "whether there has been fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Courts also consider (1) "the character of the representation and the results the representative achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney [wa]s responsible for [any] delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases."  *Gisbrecht*, 535 U.S. at 808.

These factors establish that the requested fees are reasonable.  First, the fee amount falls within the statutory cap.  The Commissioner awarded past-due benefits of $90,822.50 for the relevant period.  (Doc. 28-3 at 4.)  Pursuant to the contingency-fee agreement, Attorney Wicklund requests $22,705.63, which is 25% of past-due benefits.  (Doc. 28-2; Doc. 28-7 at 2, ¶ 5.)  There is also no evidence of either fraud or overreaching in the contingency-fee agreement. According to the terms of the Agreement, Plaintiff understood that Attorney Wicklund "ha[d] the

right to ask the court to award 25% of [his] past-due benefits ("406(b) fees") for representing [him] in federal court." (Doc. 28-2 at 2.) *See Almodovar*, 2019 WL 7602176, at *3 ("The agreement plainly lays out Plaintiff's obligations upon a favorable outcome . . . ."). Additionally, given the risk attorneys assume by taking social security cases on a contingency basis, the requested fee is commensurate with that risk and does not suggest overreaching.

The Court further finds that the requested amount does not constitute a windfall. The Court has reviewed counsel's billing records. Attorney Wicklund requests $22,705.63 for 45.9 hours, 37.4 of which are attorney hours and 8.5 are paralegal hours. (Doc. 28-7 at 3, ¶ 10.) After deducting the $100.00 per hour paralegal-billed hours, the hourly rate is $584.32. (*Id.*) This falls within the range of rates courts have approved for contingency-fee agreements in social security cases. *See, e.g.*, *LaFrance v. Saul*, No. 17-CV-04709 (CM)(SN), 2019 WL 4677041, at *3 (S.D.N.Y. Aug. 26, 2019) (approving de facto hourly rate of $902.06), *report and recommendation adopted*, 2019 WL 4565074 (Sept. 20, 2019); *Besignano v. Berryhill*, No. 12-CV-6123 (DLI), 2017 WL 1319817, at *2 (E.D.N.Y. Apr. 6, 2017) (approving de facto hourly rate of $810.74); *Filipkowski v. Barnhart*, No. 05-CV-01449 (GLS/RFT), 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (approving de facto hourly rate of $743.30).

The remaining factors further confirm that the requested fees are reasonable. The time Attorney Wicklund spent on the case—whether the Court applies the 37.4- or 45.90-hour figure—was average for this type of case. *See Borus v. Astrue*, No. 09-CV-4723(PAC)(RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) ("Although some courts in this circuit find that twenty to forty hours is a reasonable amount of time to spend on routine [s]ocial [s]ecurity cases, fees have regularly been awarded far in excess of this amount."). Moreover, Attorney Wicklund was not responsible for any delay in the underlying case. Finally, counsel secured a

favorable result for his client: a remand of the Commissioner's decision resulting in a finding of disability and an award of past-due benefits.

## Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Attorney Fees (Doc. 28) in the amount of $22,705.63.

Dated at Burlington, in the District of Vermont, this 27th day of October 2021.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge